UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BYRON HARPER, | CASE NO. 1:14CV1101 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| | Magistrate Judge George J. Limbert |
| v. | |
| | <u>AMENDED</u> |
| CAROLYN W. COLVIN[1], | <u>REPORT AND RECOMMENDATION</u> |
| ACTING COMMISSIONER OF | <u>OF MAGISTRATE JUDGE</u> |
| SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Byron Harper ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") and application for Supplemental Security Income ("SSI"). ECF Dkt. #1. Plaintiff asserts that the Administrative Law Judge ("ALJ") erred in his decision because he did not apply the appropriate standards and give proper weight to Plaintiff's treating psychiatrist, and that the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") was not supported by substantial evidence. ECF Dkt. #15.

For the following reasons, the undersigned recommends that the Court find that the ALJ failed to apply the appropriate standards and give proper weight to the opinion of Plaintiff's treating psychiatrist, and REMAND the instant case for further proceedings consistent with the instant Report and Recommendation.

## I.    **PROCEDURAL AND FACTUAL HISTORY**

Plaintiff filed applications for DIB and SSI on October 1, 2010, alleging a disability onset date of April 15, 2009. ECF Dkt. #11 ("Tr.") at 114-15. The Social Security Administration denied Plaintiff's applications initially and upon reconsideration. *Id*. at 116-21, 185-94. Plaintiff requested a hearing before an ALJ, which was held by video on December 5, 2012. *Id*. at 135.

---

[1]On February 14, 2013, Carolyn W. Colvin became the acting Commissioner of Social Security, replacing Michael J. Astrue.

On December 10, 2012, the ALJ issued a decision finding that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009, and that Plaintiff had not engaged in substantial gainful activity since April 15, 2009, the alleged onset date. Tr. at 24. The ALJ determined that Plaintiff suffered from severe impairments, including major depressive disorder, attention deficit disorder, chronic fatigue syndrome, degenerative disc disease, and sleep apnea. *Id*. at 24. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*. at 25. The ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with certain exceptions. *Id.* at 26-27. The ALJ also found that Plaintiff was unable to perform any past relevant work, but, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in th national economy that Plaintiff could perform. *Id.* at 43. Based on the above findings, the ALJ held that Plaintiff had not been under a disability, as defined in the Social Security Act, from April 15, 2009 through the date of the decision. *Id.* at 44.

Plaintiff appealed the ALJ's decision to the Appeals Council, and the Appeals Council denied his request for review. Tr. at 1. The ALJ's decision therefore became the final decision of the Commissioner. On May 22, 2014, Plaintiff filed the instant suit seeking review. ECF Dkt. #1. On September 30, 2014, Plaintiff filed a brief on the merits. ECF Dkt. #15. On December 30, 2014, Defendant filed a brief on the merits. ECF Dkt. #21. Plaintiff did not file a reply.

**II.      SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION**

On December 10, 2012, the ALJ determined that Plaintiff suffered from major depressive disorder, attention deficit disorder, chronic fatigue syndrome, degenerative disc disease, and sleep apnea. Tr. at 24. The ALJ also determined that there was insufficient evidence to diagnose Plaintiff as suffering from fibromyalgia, seizure disorder, narcolepsy, insomnia, and confusion. *Id.* at 25. The ALJ found that Plaintiff had been treated for GERD, hypertension, erectile dysfunction, and prostatitis, and that these conditions appeared to be well controlled with medication and did not result in more than minimal limitations in functioning. Accordingly, the ALJ found these conditions to be "nonsevere." *Id.*

At Step Three of the sequential analysis for entitlement to disability benefits, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments in the Listings. Tr. at 26-27; 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

The ALJ further found that Plaintiff had the RFC to perform light work, as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff: could frequently climb stairs, but not climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, or crawl; could occasionally reach overhead bilaterally; could frequently handle and finger bilaterally; must avoid all exposure to hazards such as operation controls, moving machinery, and unprotected heights; was limited to simple, routine, repetitive tasks with no production rate or pace work; and was limited to superficial interaction with the public and coworkers. Tr. at 27.

The ALJ concluded that Plaintiff was not capable of performing his past relevant work as a tax accountant because Plaintiff was limited to performing simple, routine, repetitive tasks. Tr. at 42. The ALJ further found that a significant number of jobs existed in the national economy that Plaintiff could perform. *Id.* at 43. Accordingly, the ALJ determined that Plaintiff had not been under a disability as defined by the Social Security Act and was not entitled to DBI or SSI benefits.

### III.     STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to DIB or SSI. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

>    4.   If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));
>
>    5.   If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV.   STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Social Security Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon

the record." *Cole,* 661 F.3d at 937 (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009)) (citations omitted).

## V.  ANALYSIS

Plaintiff asserts that the ALJ failed to apply the appropriate standards and give proper weight to the opinion of Plaintiff's treating psychiatrist, who falls under the treating physician rule. ECF Dkt. #15 at 11. Plaintiff also asserts that the ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence. *Id.* at 15.

For the following reasons, the undersigned recommends that the Court find that the ALJ failed to apply the appropriate standards and give proper weight to the opinion of Plaintiff's treating psychiatrist, and remand the instant case for further proceedings consistent with the instant Report and Recommendation.

### A.  OPINION OF TREATING PSYCHIATRIST

An ALJ must adhere to certain standards when reviewing medical evidence in support of a claim for social security benefits. Most importantly, the ALJ must generally give greater deference to the opinions of the claimant's treating physicians than to those of non-treating physicians. SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Wilson*, 378 F.3d at 544. The treating psychiatrist is referred to as the treating physician for purposes of the instant Report and Recommendation. A presumption exists that the opinion of a treating physician is entitled to great deference. *Id.*; *Rogers,* 486 F.3d at 243. On the other hand, "[o]pinions from nontreating and nonexamining sources are never assessed for 'controlling weight.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). The ALJ will evaluate every medical opinion received regardless of its source, and if he or she does not attribute controlling weight to a treating medical source, a number of factors will be evaluated in order to determine the weight to give to the medical opinion, including the examining relationship, specialization, consistency, and supportability. *Id.* (citing 20 C.F.R. § 416.927(c)). Other factors "which tend to support or contradict the opinion" may also be considered in assessing any type of medical opinion. *Id.* The opinion of a treating physician receives controlling weight only where the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the case

-5-

record. 20 C.F.R. § 404.1527(c)(2). The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, more weight will be given to that opinion. 20 C.F.R. § 404.1527(c)(3).

Plaintiff testified that he had been receiving psychiatric treatment from Dr. Claudia Metz for the previous twenty-one years. Tr. at 59. When asked how frequently he met with Dr. Metz, Plaintiff testified that he met with her at least once a week, and twice a week when his depression was at its worst. *Id.* Dr. Metz qualifies as Plaintiff's treating physician because there was an "ongoing treatment relationship" and Plaintiff saw Dr. Metz "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required" for the medical condition. 20 C.F.R. § 404.1502. Defendant does not argue that Dr. Metz is not Plaintiff's treating physician. Since Dr. Metz was Plaintiff's treating physician, controlling weight should have been given to Dr. Metz's opinions, or the ALJ should have provided good reasons for determining that Dr. Metz's opinions did not deserve controlling weight. *See Wilson*, 378 F.3d at 544.

The ALJ provided Dr. Metz's opinions regarding Plaintiff's mental health (the "Opinions") weight only to the extent that the Opinions supported the ALJ's RFC findings. Tr. at 42. The ALJ provided no weight to Dr. Metz's opinions regarding Plaintiff's physical health because Dr. Metz was a psychiatrist. *Id.* Plaintiff does not argue that the ALJ's assignment of weight to Dr. Metz's opinions on Plaintiff's physical health was incorrect, and only argues that the ALJ did not give proper weight to Dr. Metz's opinions regarding Plaintiff's mental health. ECF Dkt. #15 at 11-15.

When making his determination not to provide controlling weight to the Opinions, the ALJ supports his decision by stating that the evidence in the Opinions did not entirely support Dr. Metz's conclusions, particularly evidence that Plaintiff had significant control of his depression symptoms while in prison and often appeared to have normal mood and affect during treatment. Tr. at 42. The ALJ also stated that, based on the evidence, the Opinions appeared exaggerated when compared to the rest of the medical record. *Id.*

Treating-source opinions must be given controlling weight if two conditions are met: (1) the opinion is well supported by medically acceptable clinical and diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *Gayheart*, 710

-6-

F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)). The Sixth Circuit has stated, "[we] do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion." *Wilson*, 378 F.3d at 545 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2nd Cir. 2004)). Further, the Sixth Circuit has held "[t]he ALJ's decision as to how much weight to accord a medical opinion must be accompanied by 'good reasons' that are 'supported by the evidence of the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Soc. Sec. Rul. 96-2p; *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 453, 550 (6th Cir. 2010).

Here, it can hardly be said that the ALJ provided good reasons for the weight given to the Opinions, or any specificity to make clear to any subsequent reviewers the reasons for the weight assigned to the Opinions. The ALJ merely stated that the evidence did not support Dr. Metz's conclusions (citing only one piece of evidence in support of this broad assertion) and that the conclusions are exaggerated in comparison to the rest of the medical record (citing no evidence for this assertion). Tr. at 46.

The Sixth Circuit has recognized that "[i]t is more than merely helpful for the ALJ to articulate reasons for crediting or rejecting particular sources of evidence - it is absolutely essential for appellate review." *Hurst v. Sec. of Health and Human Services*, 753 F.2d 517 (6th Cir. 1985) (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984)). While it is true that in *Hurst* the Sixth Circuit opined in the context of appellate review, district courts undergo a similar review procedure in social security cases. Plaintiff highlights cases where courts have remanded because the ALJ did not provide any reasoning behind the decision to give the opinion of a treating physician less than controlling weight. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 245-46 (6th Cir. 2007) (holding that the ALJ's decision did not meet the requirements of 20 C.F.R. § 416.927 because the ALJ failed to provide sufficient justification for the weight given to the opinions of [plaintiff's] treating physicians); *Patterson v. Astrue*, No. 5:09-cv-1566, 2010 WL 2232309 (N.D. Ohio June 2,

-7-

2010) (holding that remand was proper where the ALJ did not provide any rationale beyond a conclusory statement that [the treating physician's] opinion was inconsistent with the objective medical evidence and appeared to be based on [plaintiff's] subjective performance); *Fuston v. Comm'r of Soc. Sec.*, No. 1:11-cv-224, 2012 WL 1413097 (S.D. Ohio April 23, 2012) (holding that the ALJ's failure to explain the reasons for rejecting the Diagnostic Assessment and the exclusion of any reasons for rejecting treatment records left the court without a basis for meaningful judicial review of the ALJ's decision).

Defendant argues that the ALJ provided an extensive summary of the evidence and the Opinions, and properly afforded the Opinions less weight based on the evidence. ECF Dkt. #21 at 6. Defendant also offers three examples of alleged inconsistencies. *Id.* at 7. One of the offered examples, specifically where Defendant argues that, during his incarceration, Plaintiff was diagnosed with "improved" symptoms, is erroneous. Focusing on an improvement in Plaintiff's symptoms is incorrect because it is a relative measure and is not a proper way to determine whether a mental impairment existed. *See Boulis-Gasche v. Comm'r of Soc. Sec.,* 451 F. App'x 488, 494 (6th Cir. 2011) (vacating an ALJ's decision where the ALJ relied on indications of a claimant's relative improvement in determining that no mental impairment existed). However, even if all of the examples provided were legitimate, Defendant still has failed to prove that the ALJ stated good reasons for providing less than controlling weight to the Opinions. Defendant has merely offered examples of inconsistencies that the ALJ may have considered when determining the weight to provide the Opinions.

The reasons proffered by the ALJ for providing the Opinions with less than controlling weight, namely that medical evidence did not support Dr. Metz's conclusions and that Dr. Metz's conclusions were exaggerated, are not specific enough to constitute good reasons for not providing the Opinions controlling weight. *See Friend*, 375 F. App'x at 550. While the ALJ did provide one substantive reason for providing the Opinions less than controlling weight, that Plaintiff's condition appeared to stabilized in prison, this single assertion following the review of a lengthy record fails to rise to the level of analysis necessary to overcome the presumption that the opinions of the treating physician(s) are provided controlling weight.

It is well established that providing the opinion of a treating physician with less than controlling weight requires an explanation of the reasoning behind the ALJ's decision for the lesser weight. *Wilson*, 378 F.3d at 544. "'The requirement of reason giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where the claimant knows that his physician has deemed him disabled and therefor 'might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.'" *Id.* (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2nd Cir. 1999)). Here, the ALJ has failed to provide Plaintiff with adequate reasoning for applying less than controlling weight to the opinions of the treating physician.

Accordingly, the undersigned recommends that the instant case be remanded. The undersigned notes that this Report and Recommendation is not making a recommendation as to whether Plaintiff's treating physician's opinions deserve controlling weight. If after review the ALJ determines that the treating physician's opinions do not deserve controlling weight, the ALJ must provide sufficient reasoning for making such a determination.

### B.     ASSESSMENT OF PLAINTIFF'S RFC

The undersigned recommends that the Court decline to address the errors alleged by Plaintiff relating to the ALJ's RFC determination because the ALJ's analysis of the opinions of Dr. Metz upon remand may impact his findings under the treating physician evaluation. *See Smith v. Comm'r of Soc. Sec.*, No. 1:12CV2062, 2013 WL 3337405 at *10 (N.D. Ohio, July 2, 2013) (declining to address assertion concerning ALJ violation of the treating physician rule when the court remanded for the effect medical expert testimony had on ALJ's Step Three determination); *see also Trent v. Astrue*, Case No. 1:09CV2680, 2011 WL 841538 (N.D. Ohio March 8, 2011) (declining to address claimant's remaining assertion of error because remand was already required and the ALJ's application of the treating physician rule on remand may impact his findings under the sequential disability evaluation).

### VI.     CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court find that the ALJ failed to apply the appropriate standards and give proper weight to the opinion of Plaintiff's treating

psychiatrist, and REMAND the instant case for further proceedings consistent with the instant Report and Recommendation.

DATE: June 17, 2015                           */s/George J. Limbert*
                                              GEORGE J. LIMBERT
                                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).